Morgan et al. *v.* Hayward.

[76 South. 262, Division B.]

1. Wills. *Construction. Distinguished from trust.*

A letter stating that the writer was holding property to protect the interest of the addressee and that he would later give her a deed to it and declaring that the land was for the addressee at the writer's death, is not a will but a declaration of trust.

2. Same.

In determining whether an instrument in doubt is a will or a contract, the same test applies as in the case of confusion between wills and deeds. The test is not the time of performance but the time at which by the terms of the instrument a property right under the instrument attaches. If by the terms of the instrument no property right is to attach under it until testator's death, the instrument is a will; but if a property right attaches during testator's lifetime, the instrument is a contract, even though the time of performance may be postponed till the death of the testator.

APPEAL from the chancery court of Leflore county.
HON. JOE MAY, Chancellor.

Petition by Mrs. M. B. Hayward against H. C. Morgan and others. From an order overruling a demurrer to the petition, defendants appeal.

The facts are fully stated in the opinion of the court.

*Pollard & Hammer,* for appellants.

*Yerger & Hughston,* for appellee.

STEVENS, J., delivered the opinion of the court.

Appellee, Mrs. Hayward, presented her petition to the chancery court of Leflore county, praying that a certain letter exhibited with the petition be admitted to probate as the last will and testament of her father, W. H. Morgan, deceased. Appellee is one of the heirs of W. H. Morgan, deceased, while the appellants are the other heirs at law. The letter charged to be a will reads as follows:

"Greenwood, Miss., Feb. 20th 1900.

Dear Belle. Don't be uneasy about your interest—I am as anxious as it is possible to take care of it for you, I don't want to do anything that would not be protection to you—a mortgage by you would not protect you—as the land could be sold subject to the mortgage—and I assure you that I will return you a good title to the land—which you have not now—when I get it in a shape that it cannot be taken from you—I am carrying a life policy in your favor—If I did not desire to protect you—would I do this. You must recognize the fact that I am the best friend you have—You are now depending on me for everything—and I am doing my best to protect you—Louis has some of the claims against you—and this will enable me to take them up—

and fix matters before the others are pushed—of course I can hold the land here, as you hold it, in trust as it stands now but I don't want any lawsuits about it. These are expensive. I can get the money here on good time and terms—so as to be easy on me and easy on you —You can draw it here as you need it—I will give you a deed to it so that under all circumstances you will hold it.

"You can keep this letter and if any thing happens to me before I can complete it I here declaim that this land is for you at my death.

"Your loving father,        W. H. MORGAN.

The petition recites that W. H. Morgan died September 27, 1905, more than ten years prior to the date of filing the petition, and that his estate had been fully administered under the decrees and orders of the chancery court, under the assumption that the deceased died intestate, and the administrator had long since been discharged. There was a demurrer to the petition, the demurrer was overruled, and an appeal granted to settle the principles of the case. One of the grounds of demurrer is directed to the character of the instrument itself. The contention is that the document is not a will, but a contract. For the purposes of this opinion it is unnecessary to set out fully all the grounds of the demurrer.

Our conclusion is that the instrument is not a will, but a declaration of a trust. The instrument possesses more of the characteristics of a contract than of a will. The distinction to be drawn here is stated by Mr. Page, as follows:

"In determining whether an instrument in doubt is a will or a contract, the same test applies as in the case of confusion between wills and deeds. The test is not the time of performance, but the time at which by the terms of the instrument a property right under the in-

strument attaches. If by the terms of the instrument no property right is to attach under it until testator's death, the instrument is a will; but if a property right attaches during testator's lifetime the instrument is a contract, even though the time of performanc may be postponded till the death of testator." Page on Wills par. 54.

Measured by this requirement, the letter here offered was delivered and took effect during Mr. Morgan's lifetime. The effort of appellee to disregard all of the letter except the last clause cannot avail. It is perfectly manifest from the document itself that Mr. Morgan is talking about property in which his daughter already has an equity. He speaks of "your interest." The letter was never intended as a disposition of Mr. Morgan's property after his death. There is here no intention to execute a deed of gift or confer a bounty. It is to be inferred that Mr. Morgan was holding title of certain lands in trust for the use and benefit of his daughter, and the letter was intended as a declaration of this trust—declaration, against interest. On the faith of this letter, appellee might have claimed the beneficial interest in the lands during Mr. Morgan's lifetime; and it may be conceded to be the intention of the writer of this letter to repudiate any ownership, either before or after his death, subject only to legitimate claims paid for his daughter or advances made upon the lands as security. This being our interpretation of the letter itself, we think the demurrer should have been sustained.

The decree of the learned chancellor will be reversed, and decree entered here sustaining the demurrer and dismissing the petition.

*Reversed.*